BARNES THEATRE TICKET SERVICE, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

FLORENCE M. BARNES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1210–64, 1212–64.  Filed April 4, 1968.

*George D. Crowley*, for the petitioners.
*Andrew S. Coxe* and *Ronald R. Cresswell*, for the respondent.

OPINION

SIMPSON, *Judge:* On December 18, 1967, this Court's opinion was filed in this case, and on February 12, 1968, the decision was entered. This proceeding results from a motion by the petitioners in which they indicate their intention to petition for the review of the Court's decision and request that the amount of the appeal bond be fixed at 25 percent of the deficiency of $147,512.08 determined by this Court.

The petitioners rest their request on the allegation that to purchase an appeal bond in the full amount would impose an unnecessary hardship upon them. They claim that they own real estate worth approximately $400,000, that to purchase an appeal bond would be expensive, and that if they had to sell their property to satisfy the deficiency, it would be a forced sale resulting in their realizing less than the fair market value of their property.

Section 7485 of the Internal Revenue Code of 1954 provides in part:

SEC. 7485. BOND TO STAY ASSESSMENT AND COLLECTION.

(a) UPON PETITION FOR REVIEW.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a petition for review in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his petition for review is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the petition for review is filed, and with surety approved by the Tax Court, conditioned upon

the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, * * *

Thus, the filing of a petition for the review of a decision of the Tax Court does not itself stay the assessment and collection of the deficiency. *United States* v. *Amoroso*, an unreported case (D. Mass. 1957, 1 A.F.T.R. 2d 764, 58–1 U.S.T.C. par. 9307). The Internal Revenue Service is then free to assess and collect the deficiency determined by the Tax Court, unless the petitioner furnishes an appeal bond. Since that bond is given in lieu of the payment of the deficiency, it seems clear that the bond must be such that it will assure the payment of the deficiency plus interest ultimately determined by the appellate courts.

The customary practice of the Tax Court is to fix an appeal bond equal to the amount of the deficiency for which review is sought, plus any additions to the tax and interest running from the time of the filing of the return until the time when the appellate review of the decision is expected to be completed—ordinarily 2½ years after the last date on which a petition for review could be filed; but of course, the amount of the bond cannot exceed twice the deficiency. Such bond may be secured by the guarantee of an approved surety company or by the furnishing of satisfactory collateral.

From time to time, the Tax Court receives requests to fix an appeal bond at less than the customary amount for the reason that the Internal Revenue Service is assured of payment of the deficiency in some other manner. However, since the purpose of the appeal bond is to guarantee that the petitioner can and will pay any deficiency finally approved by the appellate courts, any alternative which justifies a reduction in the customary amount of an appeal bond must provide a means whereby the Internal Revenue Service is certain that it can collect the approved deficiency.

The petitioners' request in this proceeding fails to meet that standard. They allege that they own substantial real estate worth more than the deficiency plus interest. However, we have no proof as to what real estate they own, or that it is worth the amount claimed. Furthermore, in the absence of a lien upon the property in favor of the Government, there would be nothing to prevent the petitioners from subsequently selling or otherwise encumbering the real estate. Clearly, the mere ownership of property does not establish the security of payment that is comparable to the furnishing of an appeal bond and that justifies the reduction of the customary amount of such bond.

For these reasons, the petitioners' request is denied, and the appeal bond is fixed in accordance with the customary practices of the Tax Court.