ADOLPH COORS COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2840–69.   Filed June 10, 1974.

*Gene W. Reardon,* for the petitioner.
*Robert S. Lamont,* for the respondent.

OPINION

DAWSON, *Judge:* On March 28, 1974, the decision in Adolph Coors Co., docket No. 2840–69, was entered, showing the following deficiencies in income tax:

| | |
|---|---|
| 1965 | $3, 660, 205. 49 |
| 1966 | 1, 109, 568. 91 |
| Total | 4, 769, 774. 40 |

Petitioner's appeal must be filed with the United States Court of Appeals for the Tenth Circuit on or before June 26, 1974. Petitioner has filed a motion asking that this Court approve and accept a bond with surety consisting of an "Irrevocable Letter of Credit" issued by the First National Bank of Denver in the amount of $9,539,548.40. This is double [1] the amount of the deficiencies redetermined by this Court and is the maximum amount of the bond required by section 7485 (a) (1).[2] We need not discuss the sufficiency of the bond as the petitioner has offered an amount which in no event may be exceeded. See *Barnes Theatre Ticket Service, Inc.,* 50 T.C. 28 (1968), which sets forth the usual practice of this Court in computing the bond amount.[3]

Petitioner asserts, and respondent does not disagree, that the bond and the "Irrevocable Letter of Credit":

absolutely obligates, guarantees and binds the First National Bank of Denver to pay to the Internal Revenue Service the aforesaid income tax deficiency liabilities upon the final decision by the Tenth Circuit Court of Appeals. The bond unconditionally assures payment to Internal Revenue Service of the aforesaid deficiencies, plus statutory interest, which shall ultimately be redetermined by the Court of Appeals, by reason of the Irrevocable Letter of Credit obligation of the First National Bank of Denver. The First National Bank of Denver as the surety-obligor with Coors as the principal, absolutely assures payment to the Internal Revenue Service for the subject income tax deficiency liabilities for the years 1965 and 1966.

---

[1] The proposed bond is just 40 cents short of being exactly double the deficiencies redetermined.

[2] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3] Respondent states that under *Barnes* the bond amount would be $7,789,244.30.

At the oral argument on this motion held on May 22, 1974, petitioner indicated that the First National Bank of Denver [4] would honor on presentation a sight draft for the full amount of the deficiencies, if any, plus interest following review by the Court of Appeals for the Tenth Circuit.

The filing of a petition in the Tax Court stays the assessment and collection of any deficiencies until a decision is entered. See sec. 6213 (a). If no bond is filed prior to notice of appeal, assessment and collection will not be delayed after the entry of decision. See sec. 7485.

Section 7482 confers jurisdiction on the various United States Courts of Appeals to review decisions of this Court. Section 7483 provides the method whereby such review may be obtained.

In order for the petitioner to postpone or avert assessment and collection of $4,769,774.40 plus statutory interest, it must file a bond "with surety approved by the Tax Court." Sec. 7485(a)(1).

Section 7485 provides:

SEC. 7485. BOND TO STAY ASSESSMENT AND COLLECTION.

(a) UPON NOTICE OF APPEAL.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7485 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or

(2) has filed a jeopardy bond under the income or estate tax laws.

If as a result of a waiver of the restrictions on the assessment and collection of a deficiency any part of the amount determined by the Tax Court is paid after the filing of the appeal bond, such bond shall, at the request of the taxpayer, be proportionately reduced.

(b) CROSS REFERENCES.—

(1) For requirement of additional security notwithstanding this section, see section 7482(c)(3).

(2) For deposit of United States bonds or notes in lieu of sureties, see 6 U.S.C. 15.

It is the purpose of such bond to assure the respondent that the deficiencies as redetermined by this Court and affirmed or modified by a reviewing court will be paid. Because section 7485(a)(1) provides

---

[4] The First National Bank of Denver showed total resources on Dec. 31, 1973, of $1,031,278,000. Moody's Bank & Finance Manual, Feb. 15, 1974.

for approval of the surety by the Tax Court the statute gives to this Court the authority to approve or disapprove the surety.

We have not previously had occasion to approve a surety such as the one involved here. We are reluctant to approve a surety which may create some doubt as to collectibility of a deficiency which becomes final.[5] But in the instant case we find the surety to be adequate because there is an unconditional promise to pay any liability finally determined and the bank has sufficient financial resources.

To be distinguished from this case involving approval of the surety are cases decided by us involving the amount of the bond and a deposit of collateral in lieu of surety. *Barnes Theatre Ticket Service, Inc.,* 50 T.C. 28 (1968), involved the amount of the bond, not approval of a surety for the bond. In *Estate of Herman Kahn,* 60 T.C. 964 (1973), we entered a decision for a deficiency in income tax in the amount of $618,746.62 and an addition to tax in the amount of $344,744.28. Prior to filing its notice of appeal, the taxpayer applied to the Court for approval of a bond secured by collateral consisting of corporate securities and a secured promissory note. The collateral was to be in lieu of a surety on the bond. The amount of the bond required was also disputed. We held that section 7485(b) and 6 U.S.C. section 15 precluded us from accepting such collateral in lieu of a surety on the bond. This case does not involve the same problem. *Kahn* involved collateral *in lieu of* a surety, while the instant case involves *approval* of a surety.

In view of our conclusion that section 7485(a)(1) gives us the authority to approve the surety and our finding that the surety is adequate, we will accept the "Irrevocable Letter of Credit" issued by the First National Bank of Denver.

*An appropriate order will be entered.*

[5] Respondent, of course, does not object to a corporate surety on the list of sureties approved by the Secretary of the Treasury. See Circular 570, 38 Fed. Reg. 18342 (1973).