**Spencer CHARLES et al., Plaintiffs,**

v.

**Robert BROWN et al., Defendants.**

**No. CV 80–540–W.**

United States District Court,
N. D. Alabama, W. D.

Sept. 4, 1980.

Joel R. Chandler, Sogol & Chandler, Tuscaloosa, Ala., for plaintiffs.

Ray Ward, Ray, Oliver & Ward, Tuscaloosa, Ala., for defendants.

## MEMORANDUM OF DECISION

HANCOCK, District Judge.

This cause came to be heard on defendants' motion to dismiss at the scheduled motion docket on June 20, 1980, in Tuscaloosa, Alabama. Two grounds that defendants state in support of their motion merit consideration. These are: (1) that the complaint fails to state a claim upon which relief can be granted and (2) that subject matter jurisdiction is lacking.

The complaint endeavors to state a cause of action under 42 U.S.C. § 1983 predicated on rights which plaintiffs argue are secured to them by the Ninth Amendment to the United States Constitution. This claim is said to arise from the following facts. Early in May, 1979, defendants authored, published and/or circulated a publication wherein appeared an article pertaining to a speech and language program operated in Greene County. Plaintiff Margaret Charles, a minor, was pictured in this article and her emotional behavior was discussed, allegedly without the consent or authorization of her parents. Plaintiffs contend that the publication of this article subjected them to public contempt and ridicule and constituted an invasion of their right to privacy.

Plaintiffs do not assert that their rights are derived from any constitutional source other than the Ninth Amendment, except that plaintiffs' attorney stated at oral argument that the Fourteenth Amendment should have been included in the complaint for the purpose of incorporating the Ninth Amendment for application to the states. There is ample authority for the principle that provisions expressing fundamental personal rights and found within the first eight amendments to the Constitution have in effect been incorporated into the Fourteenth Amendment and thereby been made applicable to the states. There is no authority, however, stating that the Ninth Amendment has been absorbed by this process.

■ The rationale behind this becomes apparent after one engages in an analysis of the Ninth Amendment. In contrast to the first eight amendments, the Ninth Amendment does not specify any rights of the people, rather it serves as a savings clause to keep from lowering, degrading or rejecting any rights which are not specifically mentioned in the document itself. The Ninth Amendment does not raise those unmentioned rights to constitutional stature; it simply takes cognizance of their general existence. This is not to say that no unenumerated rights are constitutional in nature, for some of them may be found in the penumbras of the first eight amendments or in the liberty concept of the Fourteenth Amendment and, thus, rise to constitutional magnitude. It is only to say, however, that unenumerated rights do not rise to constitutional magnitude by reason of the Ninth Amendment.

■ The foregoing interpretation of the Ninth Amendment is supported by the history of that provision, which reflects that the Ninth Amendment was added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny fundamental rights merely because they were not

specifically enumerated in the Constitution. 1 Annals of Congress 438–40 (1789); II Story, Commentaries on the Constitution of the United States 626–27 & 651 (5th ed. 1891). Therefore, this court is of the opinion that there is nothing in the Ninth Amendment to be incorporated by the Fourteenth Amendment as the Ninth Amendment is merely a rule of construction. The alternative interpretation, which is unacceptable to this court, would be to construe the Ninth Amendment as incorporating all fundamental rights into the Constitution, although they were never intended to be rights of constitutional magnitude.

A fortiori a § 1983 claim based solely on alleged Ninth Amendment rights must fail because there are no constitutional rights secured by that amendment. Accordingly, defendants' motion to dismiss will be granted and an order to this effect will be entered. The dismissal of the action will be without prejudice, and plaintiffs may amend their complaint in this court within 20 days or file a new action in another court if they desire to seek redress for the alleged wrongful conduct of defendants.