**Dr. Geoffrey R. AKERS, et al.**

**v.**

**UNITED STATES of America and Commissioner of Internal Revenue.**

**Civ. No. H–81–419.**

United States District Court, D. Connecticut.

Feb. 9, 1982.

---

Geoffrey R. Akers, pro se.

Eileen G. Akers, pro se.

Donna L. Fatsi, Asst. U. S. Atty., New Haven, Conn., Reba A. Raffaelli, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

BLUMENFELD, Senior District Judge.

Plaintiffs Dr. Geoffrey R. Akers and Eileen G. Akers instituted this suit against the United States and the Commissioner of Internal Revenue for damages and an injunction because of alleged improper conduct of an agent of the Internal Revenue Service. The defendants have moved to dismiss, asserting that this court has no jurisdiction over the subject matter of the suit nor the defendants and that the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), (2), (6).

The *pro se* complaint alleges that after a Tax Court decision in favor of the Internal Revenue Service for the entire amount of a proposed deficiency on plaintiffs' 1975 tax return, *Akers v. Comm.*, T.C.M. 1980–411, but before the decision became final under 26 U.S.C. § 7481,[1] an agent of the Internal Revenue Service levied on plaintiffs' property.[2] Such levy, it is claimed, is in contravention of 26 U.S.C. § 6213(a) which prohibits levys until a Tax Court decision becomes final. Plaintiffs also allege that under 26 U.S.C. § 7426(a)(1), Mrs. Akers may bring civil action against the United States as a third party owner of property which is subject to an Internal Revenue Service levy. The damages sought are to compensate plaintiffs for suffering related to the alleged unconstitutional seizure of their property without due process of law.

Plaintiffs' complaint, insofar as seeking damages against the United States for the alleged tortious, unconstitutional taking of property by a federal revenue agent, may be read to assert a right of action[3] under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, with jurisdiction founded under 28 U.S.C. § 1346(b).[4] It is well settled, though, that the United States cannot be sued absent specific statutory waiver of sovereign immunity. *Dalehite v. United States*, 346 U.S. 15, 30, 73 S.Ct. 956,

---

1. Plaintiffs appealed the Tax Court decision to the United States Court of Appeals for the Second Circuit, where the decision was affirmed. 659 F.2d 1057 (2d Cir. 1981). Plaintiffs allege they will petition for rehearing and ultimately will appeal to the United States Supreme Court.

2. The complaint alleges the levy was upon real estate. In fact, the levy was upon plaintiffs' bank account at Norwich Savings Society. The *pro se* complaint will be read liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), perhaps more so than required.

3. Plaintiffs' allegations of constitutional deprivations under the fourth and fifth amendments afford no right of action against the United States, *see, e.g., American Assoc. of Commodity Traders v. Department of Treasury*, 598 F.2d 1233, 1235 (1st Cir. 1979) (sovereign immunity bar), but only an action lying against individual government agents. *See Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

4. An assertion of this court's jurisdiction over the subject matter and the United States under the Tucker Act, 28 U.S.C. § 1346(a), is unavailable to plaintiffs because their constitutional claims exceed $10,000, thereby rendering the Court of Claims with exclusive jurisdiction under the Act. *Id.* at §§ 1346(a)(2), 1491. *See Crawford v. Cushman*, 531 F.2d 1114, 1126 n.17 (2d Cir. 1976). Of course, even proceeding in the Court of Claims under the Tucker Act, the sovereign immunity of the United States would still be confronted. *See United States v. Testan*, 424 U.S. 392, 400–01, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976).

965, 97 L.Ed. 1427 (1953). The United States, under the Federal Tort Claims Act and 28 U.S.C. § 1346(b), specifically has not waived its sovereign immunity for claims arising "in respect of the assessment or collection of any tax ...." 28 U.S.C. § 2680(c).[5] *See Dupont Glore Forgan Inc. v. AT&T Co.*, 428 F.Supp. 1297, 1308 (S.D.N.Y.1977), *aff'd*, 578 F.2d 1367 (2d Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 465, 58 L.Ed.2d 431 (1978). Thus, this court lacks jurisdiction over the United States and the subject matter of this claim.

 Plaintiffs allege they fall within statutory exceptions to the general rule mandated by the Internal Revenue Code that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained by any person against whom such tax was assessed." 26 U.S.C. § 7421(a). Plaintiffs' claim that Mrs. Akers is a "person (other than the person against whom is assessed the tax out of which the levy arose) who claims an interest in" the property levied upon and therefore may maintain a civil suit against the United States, 26 U.S.C. § 7426(a)(1), is unfounded. It appears from plaintiffs' complaint that Mrs. Akers is a party to the Tax Court matter now under appeal and that the tax in question was assessed against both Dr. and Mrs. Akers. Under such circumstances, 26 U.S.C. § 7426(a)(1) is unavailable to plaintiffs as a basis for suit against the United States. *See Rosenbaum v. United States*, 346 F.Supp. 872 (D.Md.1972).

 Plaintiffs also claim that the levy was wrongful because it occurred before the Tax Court decision had become final, as defined in 26 U.S.C. § 7481, and, therefore, the levy may be enjoined under 26 U.S.C. § 6213(a). *See Commissioner v. Shapiro*, 424 U.S. 614, 616–17, 96 S.Ct. 1062, 1065, 47 L.Ed.2d 278 (1976). Plaintiffs, however, have not alleged that they posted the appeal bond required under 26 U.S.C. § 7485(a)(1) to effect a stay of assessment

or collection of the deficiency during the period of review of the Tax Court decision. 26 U.S.C. § 7485(a)(1). As such, the stay of assessment or collection of the deficiency was not in force and the levy was made in accordance with legal procedure. *See Barnes Theatre Ticket Service, Inc. v. Commissioner*, 50 T.C. 28, 28–29 (1968). Thus, this court has no basis for jurisdiction over the United States nor over the subject matter of plaintiffs' claims for injunctive relief against the United States nor over the subject matter of plaintiffs' claims for injunctive relief against the Commissioner of Internal Revenue.

 The Commissioner, as a federal official, may be subjected to suit for damages in his personal capacity. *See Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). The scope of immunity available to the Commissioner is guided by the principles enunciated in *Butz*. In this case, however, plaintiffs have made no allegations against the Commissioner. Thus, the complaint fails to state a claim upon which relief can be granted against the Commissioner.

In absence of claims that would permit this court to assert jurisdiction over the defendants or over the subject matter of the suit or to grant relief, defendants' motion must be granted and plaintiffs' action dismissed.

SO ORDERED.

---

**5.** Although it appears that plaintiffs now are pursuing administrative remedies, as required as a prerequisite to suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675(a), the sovereign immunity bar will prevent suit against the United States even after exhausting the administrative avenues.