**Leisa GIBSON, Plaintiff,**

v.

**Robert MATTHEWS, etc., et al., Defendants.**

**Civ. A. No. 87–200.**

United States District Court, E.D. Kentucky, Lexington Division.

Jan. 12, 1989.

---

Sara L. Pratt and David A. Friedman, American Civil Liberties Union of Kentucky, Louisville, Ky., for plaintiff.

Louis DeFalaise, U.S. Atty., Marianna J. Read, Asst. U.S. Atty., Lexington, Ky., and Marianne Finnerty, Trial Atty., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

SCOTT REED, Senior District Judge.

### INTRODUCTION

This matter is before the court on the motion of the defendants to dismiss the plaintiff's claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In the alternative, the defendants seek to have the court grant a motion for summary judgment, pursuant to Rule 56(c), because there

is no genuine issue as to any material fact. The plaintiff in her response generally denies the merit of the arguments set forth by the defendants in support of their motion.

## OPERATIVE FACTS

Ms. Leisa Gibson (hereinafter "the plaintiff") alleges that, while incarcerated as a prisoner, she was not provided access to abortion facilities, as she had requested, while being transported to and from correctional institutions located in Texas and West Virginia. The plaintiff further complains that, while incarcerated as a prisoner at the Federal Correctional Institution (hereinafter "FCI") in Lexington, she requested and was deliberately or recklessly denied an abortion. The plaintiff contends that such alleged denial of her request for an abortion occurred directly as a result of the named defendants' conduct. The plaintiff more specifically asserts that she was denied the abortion by defendants Ellis, Simms and Picard, the medical staff at FCI, in that, as a result of medical examinations performed by them, she was informed that it was too late for an abortion. The plaintiff states that defendant Ellis, in addition to informing her that it was too late for an abortion, failed to perform a sonogram or other examinations which would have clarified the plaintiff's actual stage of pregnancy. The plaintiff asserts that had the defendant performed such further examinations he would have, in fact, discovered that she was still within a proper time frame to receive an abortion.

The plaintiff states that because of the effective denial of her request for an abortion she was forced to carry the pregnancy to term, and as a result thereof has incurred damages of $750,000.00. These damages include compensation for alleged emotional and mental distress and for the costs of raising the child. The plaintiff also requests declaratory relief as a result of alleged violation of her constitutional rights.

## DISCUSSION

The plaintiff's claims must be addressed in the context of a motion for summary judgment because "matters outside the pleading[s] [were] presented to and not excluded by" this court. Fed.R.Civ.P. 12(b)(6). Therefore, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." *Id.*

Summary judgment is proper if the moving party can show from the record before the court that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Although summary judgment is a useful and often efficient device for deciding cases, it must be used only with extreme caution for it operates to deny a litigant his day in court." *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979) (citing cases—citations omitted).

> Thus, on a motion for summary judgment the movant has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to party opposing the motion.

*Id.* (citing cases—citations omitted) (emphasis in the original).

Notwithstanding the foregoing, it must be remembered that "[t]he function of summary judgment is to avoid a useless trial." *County of Oakland v. City of Berkley,* 742 F.2d 289, 298 (6th Cir.1984). That is to say, "[w]hile [the court] must treat papers in opposition to summary judgment indulgently ... it is not required to overlook the truism that every alleged dispute of fact does not relate to material fact and thus may not raise a genuine issue requiring a trial." *Id.* Therefore, it is incumbent upon the court to determine, with regard to each of the plaintiff's claims individually, whether there exists "a factual dispute which, if present, would require resolution by a jury or other trier of fact." *Schultz v. Newsweek,* 668 F.2d 911, 918 (6th Cir.1982).

The plaintiff alleges that the defendants' conduct has resulted in a deprivation of her fifth, eighth and ninth amendment rights

under the United States Constitution. Furthermore, the plaintiff asserts that the defendants have violated those duties owed to her as a prisoner as prescribed by 28 C.F.R. §§ 551.22–.24, thereby giving rise to a separate cause of action against them for breach of said duty. The plaintiff asserts the foregoing claims against the defendants in both their official and individual capacities, except for defendant Morris, against whom such claims are asserted in his official capacity only.

The defendants initially state that the plaintiff's claims should be dismissed because the claims are allegedly conclusory, vague, and lack the specificity necessary for defendants to prepare their defense. After careful review of the entire record before it, the court is not of the opinion that the plaintiff's claims are of such a procedurally deficient character so as to warrant dismissal solely for the reasons submitted by the defendants. Therefore, the court will consider the merit of each of plaintiff's claims individually.

## I. OFFICIAL CAPACITY CLAIMS

█ The plaintiff brings suit against all defendants in their official capacities for alleged violation of her fifth, eighth and ninth amendments under the Constitution. In addition, the plaintiff brings suit against the defendants in their official capacity for violation of specific federal regulations governing duties owed to her as a federal prisoner as found in 28 C.F.R. §§ 551.-22–.24.

It is beyond contention that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued...." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *see also United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940) ("without specific statutory consent, no suit may be brought against the United States"). Although the plaintiff has not officially named the United States as a defendant in the action *sub judice*, "the bar of sovereign immunity cannot be avoided simply by naming officers and employees of the United States as defendants." *Ec-*

*clesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir.1988) (citing *Hutchinson v. United States*, 677 F.2d 1322 (9th Cir.1982)); *see Brandon v. Holt*, 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985).

There does exist, however, a limited waiver of the United States of its sovereign immunity as found within the Federal Tort Claims Act (hereinafter "FTCA"). Insofar as the plaintiff has failed to assert or to indicate that she is, in fact, entitled to the limited waiver of the United States, as found in the FTCA, as a basis of jurisdiction, the court is not therefore impelled to consider the applicability of the FTCA to the claims, constitutional or otherwise, currently before it.

Hence, because of the bar of sovereign immunity, the plaintiff's constitutional claims against all defendants in their official capacities will be dismissed without prejudice.

The plaintiff's claims against the defendants in their official capacities for the alleged violation of 28 C.F.R. §§ 551.22–.24 must be analyzed separately in that they are affected by the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 702. Under § 702 of the APA, Congress has specifically waived the sovereign immunity of the United States as regards claims against the United States based on an agency's violation of regulations, *etc.* This waiver applies, however, only to claims seeking injunctive or declaratory relief. The statute does not apply to actions against the United States for money damages.

Therefore, the plaintiff's claims under the federal regulations, as they pertain to her prayer for relief in the form of money damages, are barred under the doctrine of sovereign immunity. The plaintiff's claim for declaratory relief must be evaluated on a separate basis in light of § 702 of the APA.

Whether or not a plaintiff is to be granted declaratory relief lies within the discretion of the court. *See, e.g., Moore v. U.S. House of Representatives*, 733 F.2d 946, 954–55 (D.C.Cir.1984) ("[d]eclaratory relief

is discretionary with the Court, and it may be denied when prudential considerations counsel against its use").

The court is fully aware of, and under circumstances other than those immediately before it would be compelled to discuss, "the principles that govern the exercise of discretion to grant declaratory relief, the purposes such relief may serve and the considerations affecting its propriety...." *See Hanes Corp. v. Millard*, 531 F.2d 585, 591–92 (D.C.Cir.1976), discussing the propriety of the granting of declaratory relief; *see also id.* at 591 n. 4, listing many of the factors relevant to the granting of declaratory relief.

■ In the instant case, however, consideration of the foregoing would be superfluous in light of the apposite case law as applied to the facts before the court. The Sixth Circuit has recently held, acknowledging previous authority, that the release or transfer of a prisoner renders moot that prisoner's claims for injunctive or declaratory relief. *See Goldsborough v. Carlson*, 863 F.2d 48 (6th Cir.1988) (unreported opinion) (citing *Weinstein v. Bradford*, 423 U.S. 147, 148, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam); *Preiser v. Newkirk*, 422 U.S. 395, 402–03, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir.1982); *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir.1978)).

Subsequent to the filing of this complaint, the plaintiff was released to a halfway house for treatment. *See* Gibson's BOP Central File, Tab E. Therefore, under the governing case law, the plaintiff's claim for declaratory relief is rendered moot by such release.

## II. INDIVIDUAL CAPACITY CLAIMS

The following claims of the plaintiff have been asserted against all of the defendants, except for defendant Morris, in their individual capacities. Such individual capacity claims against federal government officials are permissible pursuant to *Bivens v. Six Unknown Named Federal Agents of Fed-* *eral Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny. *See, e.g., Carlson v. Green*, 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980) ("*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988) ("The doctrine of sovereign immunity does not bar damage actions against federal officials who have been sued in their individual capacities for violation of a plaintiff's constitutional rights").

## FIFTH AMENDMENT

■ The plaintiff alleges that the conduct of the defendants has served to deprive her of the substantive due process rights to which she is entitled under the fifth amendment of the United States Constitution. In evaluating a claim for the violation of an individual's substantive due process rights a "plaintiff must establish two elements: (1) that he has a constitutionally protected property or liberty interest; and (2) that defendants arbitrarily and capriciously deprived him of that interest." *Crook v. Baker*, 584 F.Supp. 1531, 1562 (E.D.Mich.1984), *vacated* 813 F.2d 88 (6th Cir.1987) (opinion vacated for reasons not pertinent to this opinion). The Supreme Court, in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), held that a woman's decision "whether or not to terminate her pregnancy" is embodied in the concept of personal liberty as found in the due process clause. *Roe*, 410 U.S. at 153, 93 S.Ct. at 727.

The only issue therefore, as it pertains to the plaintiff's due process rights, is whether the conduct of the defendants served to deprive the plaintiff of a constitutionally protected liberty interest. Specifically, "[a] deprivation must contain some element of abuse of governmental power, for the touchstone of due process is protection of the individual against arbitrary action of government." *Davidson v. Cannon*, 474 U.S. 344, 353, 106 S.Ct. 668, 673, 88 L.Ed.2d

677 (1986) (Blackmun, J., dissenting) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)).

The Supreme Court, in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), held that mere negligent conduct by a government official could not serve as a deprivation of an individual's liberty interest under the due process clause. *Daniels*, 474 U.S. at 330–31, 106 S.Ct. at 664–65. The Court stated "[t]o hold that injury caused by ... [negligent] conduct is a [constitutional] deprivation ... would trivialize the centuries-old principle of due process of law." *Id.* at 332, 106 S.Ct. at 665. Although the Court's analysis in *Daniels* was framed within the parameters of the fourteenth amendment, the same standards of judicial scrutiny are apposite under the plaintiff's fifth amendment claim. *See Telegraph Savings and Loan Assn. v. FSLIC*, 564 F.Supp. 880, 891 n. 11 (N.D.Ill.1982).

It appears that the conduct of the defendants, as alleged by the plaintiff, amounts at best to negligence. Nothing from the facts indicates that the defendants, deliberately or intentionally, deprived the plaintiff of her substantive due process rights. The plaintiff was, in fact, transported to and from the medical offices of the defendants and while there received medical care. The plaintiff has failed to illustrate any affirmative abuse of power by the defendants which could be labeled an arbitrary exercise of the powers of government. *See Daniels*, 474 U.S. at 330–331, 106 S.Ct. at 664–65.

The Court in *Daniels* did not, however, consider "whether something less than intentional conduct, such as recklessness or 'gross negligence,' is enough to trigger the protections of the Due Process Clause." *Id.* at 334 n. 3, 106 S.Ct. at 667 n. 3. In *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277 (6th Cir.1987), it was held that an "allegation in the ... complaint of gross negligence ... was sufficient to charge them with arbitrary use of government power." *Nishiyama*, 814 F.2d at 282. Acknowledging "that the term 'gross negligence' evades easy definition," the court in

*Nishiyama* held that a person is grossly negligent "if he intentionally does something unreasonable with disregard to a known risk or a risk so obvious that he must be assumed to have been aware of it, and of a magnitude such that it is highly probable that harm will follow." *Id.* at 282. The plaintiff was transported to and from the medical offices of the defendant and while there received medical treatment and professional advice regarding her pregnancy. The plaintiff essentially has alleged that her substantive due process rights were violated because the treatment received was not adequate. Nothing, however, indicates that the treatment which she received was so inferior that it could be considered rendered in a grossly negligent fashion as defined in *Nishiyama*.

Assuming, *arguendo*, the defendants' conduct was at least negligent so as to escape the reaches of *Daniels*, this court is still not of the opinion that such conduct of the defendants, as alleged by the plaintiff, is egregious enough so as to meet the *Nishiyama* standard. In light of the foregoing, the plaintiff's fifth amendment claim cannot be sustained.

## EIGHTH AMENDMENT

■ The plaintiff claims that she has been denied her rights under the eighth amendment in that the conduct of the defendants amounts to cruel and unusual punishment.

In general, "an Eighth Amendment claimant [must] allege and prove ... unnecessary and wanton infliction of pain...." *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Specifically, with regard to allegations of prisoners that they have been denied medical treatment, the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation omitted). The Court in *Estelle* went on to state that "an inadvertent failure to provide adequate medical care

cannot be said to constitute [such] 'an unnecessary and wanton infliction....'" *Id.* at 105, 97 S.Ct. at 292.

Apposite to the instant case is the Court's statement that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. at 292. Moreover, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause ... [as it pertains to the] supplying [of] medical needs...." *Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084.

Applying the foregoing legal principles to the facts as alleged by the plaintiff, it is obvious that the plaintiff's eighth amendment claim must fail. The plaintiff has failed to meet the standard as required by *Estelle*. Indeed, *Estelle* appears to be directly in point in that at best it appears the defendants were negligent in their behavior toward the plaintiff. This is apparent due to the fact that any request by the plaintiff for an abortion was denied, if denied, by defendant Ellis based on his professional medical judgment. Indeed, it must be noted that the plaintiff's allegations arise as a result of the medical treatment which she received while incarcerated at FCI. It seems somewhat incongruous to the court that the defendants, by rendering regular medical care to the plaintiff, could be deemed deliberately indifferent to the plaintiff's medical needs as a result thereof. The plaintiff is actually alleging an injury as a result of medical treatment received. Thus, this claim is more aptly characterized as a malpractice claim instead of a violation of eighth amendment rights. The court cannot conclude from any inference of the plaintiff's alleged facts that defendant Ellis' conduct was because of any "deliberate, obdurate or wanton indifference to [the plaintiff's] serious medical needs."

The plaintiff's eighth amendment claims against those defendants, other than the medical staff, must also fail. The plaintiff has, at best, merely established bureaucratic negligence and therefore does not meet the *Estelle* standard. This court cannot conclude that the conduct of the defendants is such so as to be "repugnant to the conscience of mankind," *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292, and therefore must grant the defendants' motion for summary judgment as it pertains to the plaintiff's eighth amendment claims.

## NINTH AMENDMENT

█ The plaintiff further alleges that the rights to which she is entitled under the ninth amendment have been violated as a result of the defendants' conduct. In order to determine the merit of this claim an analysis of the ninth amendment is required.

In contrast to the first eight amendments, the Ninth Amendment does not specify any rights of the people, rather it serves as a savings clause to keep from lowering, degrading or rejecting any rights which are not specifically mentioned in the document itself. The Ninth Amendment does not raise those unmentioned rights to constitutional stature; it simply takes cognizance of their general existence. This is not to say that no unenumerated rights are constitutional in nature, for some of them may be found in the penumbras of the first eight amendments or in the liberty concept of the Fourteenth Amendment and, thus, rise to constitutional magnitude. It is only to say, however, that unenumerated rights do not rise to constitutional magnitude by reason of the Ninth Amendment.

The foregoing interpretation of the Ninth Amendment is supported by the history of that provision, which reflects that the Ninth Amendment was added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny fundamental rights merely because they were not specifically enumerated in the Constitution.

*Charles v. Brown*, 495 F.Supp. 862, 863–64 (N.D.Ala.1980).

"A fortiori a ... claim based solely on alleged Ninth Amendment rights must fail because there are no constitutional rights

secured by that amendment." *Id.* at 864; see *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir.1986); *Canton Branch NAACP v. Runnels*, 617 F.Supp. 607, 609 n. 3 (S.D.Miss.1985); *Metz v. McKinley*, 583 F.Supp. 683, 688 n. 4 (S.D.Ga.), *aff'd.*, 747 F.2d 709 (11th Cir.1984).

As a result of the foregoing analysis, the plaintiff's ninth amendment claim, in light of the fact that her other constitutional claims have been held to be without merit, is deemed to be also without merit.

## FEDERAL REGULATIONS

■ Lastly, the plaintiff alleges that 28 C.F.R. §§ 551.22–.24, which governs pregnancy, child placement and abortion as it pertains to prisoners, places in and of itself a duty upon the defendants, the breach of which provides a private cause of action. The plaintiff alleges that the defendants, as a direct result of their conduct, breached that duty allegedly owed to her and thereby caused her to suffer damages.

Thus, the plaintiff essentially makes the argument that the alleged violation of the foregoing regulations by the defendants confers upon her a separate right to a cause of action, separate from her constitutional claims, against the defendants in their individual capacities.

Section[s] 542.10–.16 of the Code of Federal Regulations prescribe the proper means of redress for a prisoner who has a complaint "which relates to any aspect of his imprisonment. . . ." 28 C.F.R. § 542.10. This "Administrative Remedy Procedure for Inmates," however, "specifically excludes tort claims from the grievance procedures and administrative remedies available to federal prisoners. . . ." *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir.1982). Section 542.12 states that "[f]ilings will not be accepted under the Administrative Remedy Procedure for tort claims. . . ." 28 C.F.R. § 542.12.

The plaintiff's claim regarding the alleged violation of federal regulations by the defendants, in the opinion of the court, is in the nature of a tort. Therefore, the claim is subject to § 542's exclusion. Accordingly, this claim may not be dismissed

for failure to exhaust administrative remedies. *See Goar*, 688 F.2d at 28–29.

The threshhold question, therefore, which must be addressed is whether a separate, private cause of action is created by these governing regulations. The regulations relied upon by the plaintiff do not in and of themselves grant any enforceable rights. *See* 28 C.F.R. §§ 551.20–.24. Sections 543.30–.32 does provide a prisoner a means of redress for any claims in tort through the Federal Tort Claims Act. *See* 28 C.F.R. §§ 543.30–.32. Nothing in the regulations, however, indicates that a private cause of action against officials in their individual capacities, rather than the United States, would be precluded. It thus becomes necessary to examine the statute under which the regulations in question were promulgated.

Sections 542.20–.24 of the Code of Federal Regulations were created pursuant to 5 U.S.C. § 301 and 18 U.S.C. §§ 4001, 4042. *See* 44 FR 38252, June 29, 1979; 51 FR 47178, Dec. 30, 1986; 51 FR 47179, Dec. 30, 1986 (amending § 551.24). Specifically, these regulations are pursuant to 18 U.S.C. § 4042 which prescribes the duties of the Bureau of Prisons as they pertain to federal corrections. Section 4042 states that "[t]he Bureau of Prisons, under the direction of the Attorney General, shall . . . provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States. . . ." 18 U.S.C. § 4042(2).

The task of the court is to examine 18 U.S.C. § 4042 and to determine whether a private cause of action against the defendants in their individual capacities may be found therein. Although the express language of the statute confers no cause of action, it is well established that a person may sue the United States under the FTCA for personal injuries sustained during confinement in a federal prison. *See, e.g., United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). Thus, a cause of action against the United States for violation of § 4042 has been expressly created by Congress in passing the FTCA. This cause of action pertains, however,

*only* to suits against the United States which includes suits against officials in their official capacities.

The issue before the court, however, is whether a cause of action exists within § 4042 which allows the plaintiff to sue the defendants in their *individual* capacities, and thus requires further inquiry. Where there is no clear statutory language indicating a congressional intent to confer private rights of action upon individuals, the Supreme Court has stated with increasing frequency that none should be presumed. *See, e.g., Middlesex County Sewerage Authority v. National Sea Clammers Ass'n.*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *California v. Sierra Club*, 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). "The ultimate question is one of congressional intent, not one of whether this Court thinks it can improve upon the statutory scheme that Congress enacted into law." *Touche Ross & Co.*, 442 U.S. at 578, 99 S.Ct. at 2490. The court must not, however, delve into the uncertain waters of congressional intent in order to resolve the instant controversy.[1] In *Williams v. United States*, 405 F.2d 951 (9th Cir.1969), the court held that the only cause of action under 18 U.S.C. § 4042 is under the Federal Tort Claims Act. *Id.* at 954. Specifically, the court stated:

> [Section 4042] does not impose a duty on any officials who may be responsible to the Bureau of Prisons, and does not establish a civil cause of action against anyone in the event the Bureau's duty is breached. In other cases, the courts have made it clear that if the duty imposed by § 4042 is breached, the prisoner's remedy is an action against the United States, under the Federal Tort Claims Act.

*Id.* (citing cases—citations omitted).

In *Chinchello v. Fenton*, 805 F.2d 126 (3rd Cir.1986), the court likewise found no private cause of action arising under 18 U.S.C. § 4042. *See id.* at 134. In *Chinchello* the plaintiff attempted to use § 4042 to defeat the defendant's claim to qualified immunity by invoking the requirement in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), that "qualified immunity is unavailable if the defendant's conduct violated 'clearly established ... statutory rights.'" *Id.* (quoting *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738). The court in *Chinchello* applied the *Harlow* test to regulations in reliance on *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).[2] The *Chinchello* court stated that the defendant's "claim of qualified immunity [could] not be defeated by reference to any statute or regulation which does not confer ... an express or implied cause of action." *Chinchello*, 805 F.2d at 134. *See also Davis*, 468 U.S. at 194 n. 12, 104 S.Ct. at 3019 n. 12 ("officials become liable for damages only to the extent that there is a clear violation of the statutory rights that give rise to the cause of action"). The court in *Chinchello* thus held that:

> [s]ection 4042 of Title 18 declares in general terms the responsibilities of the Bureau of Prisons. We do not believe it can fairly be said that this statute was intended to assign any specific responsibility to the Director of the Bureau personally or to create a private right of action against him in favor of the inmates under his indirect care.

*Chinchello*, 805 F.2d at 134 (citing *Williams v. United States*, 405 F.2d 951, 954 (9th Cir.1969)). Thus, the court held

---

1. In discussing congressional intent, the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), outlined the criteria which should be examined in order to determine "whether a private right of action should be implied from a federal statute...." *Sierra Club*, 451 U.S. at 292, 101 S.Ct. at 1778 (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 26, 100 S.Ct. 242, 250, 62 L.Ed.2d 146 (1979) (White, J., dissenting)). The court is

of the opinion that the *Cort* analysis need not be applied in light of existing case law.

2. The Supreme Court in *Scherer* stated that "if a statute or regulation does give rise to a cause of action for damages, clear violation of the statute or regulation forfeits immunity only with respect to damages caused by that violation." *Davis*, 468 U.S. at 194 n. 12, 104 S.Ct. at 3019 n. 12.

that no private cause of action is created under 18 U.S.C. § 4042. Therefore, no cause of action exists within the regulation promulgated pursuant to the statute.

As a result of the foregoing analysis, the plaintiff is without a private cause of action against the defendants for alleged violation of the relevant regulations and such claim is therefore, as a matter of law, without merit.

A separate Order and Judgment will be entered this day in accordance with the foregoing Memorandum Opinion.

ORDER AND JUDGMENT

In accordance with the separate Memorandum Opinion entered on the same date herewith, and the court being duly and sufficiently advised,

IT IS HEREBY ORDERED as follows:

1. The motion of defendants for summary judgment is GRANTED.

2. This action is DISMISSED WITH PREJUDICE except plaintiff's constitutional claims against the defendants in their official capacities which are DISMISSED WITHOUT PREJUDICE.