**732**

Paul J. BERRIDGE, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C2–89–653.

United States District Court,
S.D. Ohio, E.D.

Aug. 31, 1990.

Walter Shaeffer, for plaintiffs.

Albert Ritcher and Robert Handros, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant of the Defendant, United States of America's, Motion for Dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The government has moved for the dismissal of this action for lack of jurisdiction and failure to state a claim upon which relief can be granted. Jurisdic-

tion in this matter is alleged under Title 28 U.S.C. § 1331.

## FACTS

For purposes of the instant motions the relevant alleged facts are fairly simple. The plaintiffs essentially allege that the Internal Revenue Service ("IRS"), a part of the Department of the Treasury, which in turn is a department under the United States government, issued a notice of tax deficiency to the plaintiffs. The plaintiffs allege that the facts of this individual case do not support the IRS's assertion that the Berridges owed the massive tax deficiency to which they were placed on notice. The plaintiffs further allege that the issuance of this notice by the federal government effectively acted to deprive them of rights guaranteed to them by the Fifth Amendment of the United States Constitution.

## ANALYSIS AND DECISION

The object of a motion to dismiss is to test the sufficiency of the pleadings. All well pleaded facts are taken as true and the complaint is liberally construed in favor of the party opposing the motion. *L'Orange v. Medical Protective Co.*, 394 F.2d 57, 59 (6th Cir.1968). However, such a motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court will now look at the relevant law as it relates to this matter.

In the case of *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 115 (6th Cir.1988), this circuit provided as follows:

It is well settled that the United States as a sovereign is immune from suit unless it has expressly waived such immunity, *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940), ... Under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b) and 2671 to 2679, the United States has waived its immunity with respect to cer-

tain actions. Actions connected with the assessment or collection of taxes, however—as this action is—are expressly excluded from the waiver. 28 U.S.C. § 2680(c).

*See also National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989) ("Federal Tort Claims Act's exception to waiver of sovereign immunity for claims arising with respect to assessment or collection of tax would not be considered inapplicable ..."); *Gibson v. Matthews*, 715 F.Supp. 181 (E.D.Ky.1989) (Plaintiff's claim barred by sovereign immunity); *Childress v. Northrop Corp.*, 618 F.Supp. 44, *aff'd* 784 F.2d 1131 (D.C.Cir.1985); *Akers v. United States*, 539 F.Supp. 831, *aff'd* 718 F.2d 1084 (2nd Cir.1983).

In light of the extensive case law, coupled with the fact that this is a case against only the United States and not against federal officials who are being sued in their individual capacities, this matter is clearly barred by the doctrine of sovereign immunity. As such, the Defendant, United States of America's motion for dismissal is hereby GRANTED.

IT IS SO ORDERED.