WILLIAM D. ARMSTRONG, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19408–91.         Filed October 22, 1992.

*W. Thomas Finley,* for petitioner.
*Elizabeth Downs* and *Kevin Curran,* for respondent.

OPINION

DAWSON, *Judge:* On June 8, 1992, this Court's Memorandum Opinion (T.C. Memo. 1992-328) was filed, and on June 10, 1992, an order was entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed.

On September 9, 1992, petitioner submitted to the Clerk of the Tax Court a timely notice of appeal, pursuant to section 7483,[1] to the U.S. Court of Appeals for the Tenth Circuit.

---

[1] All section references are to the Internal Revenue Code, unless otherwise indicated, and all

Concurrent with the submission of the notice of appeal, petitioner filed with this Court a motion to accept a surety bond issued by Mid-Continent Casualty Co. of Tulsa, Oklahoma, in the amount of $240,000, which is double the amount of the deficiency, in order to stay assessment and collection. The bond was submitted pursuant to section 7485(a)(1) and Rule 192. On September 16, 1992, respondent filed a notice of objection to petitioner's motion and requested that the motion be denied and that the bond not be accepted by this Court. It is respondent's position that a bond to stay assessment and collection should not be approved and accepted by the Tax Court under section 7485(a)(1) when an order has been entered dismissing a case for lack of jurisdiction because no "deficiency" has been determined by the Tax Court. To the contrary, petitioner contends that the requirements of section 7485(a)(1) have been satisfied and that he should be allowed to file the surety bond with this Court.

We agree with petitioner that the bond should be accepted by this Court in these particular circumstances.

Section 7485(a)(1) provides, in pertinent part, as follows:

SEC. 7485. BOND TO STAY ASSESSMENT AND COLLECTION.

(a) UPON NOTICE OF APPEAL.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law * * *

We recognize that in construing a statute courts usually seek the plain and literal meaning of its language. *Brook, Inc. v. Commissioner,* 799 F.2d 833, 836 (2d Cir. 1986), affg. T.C. Memo. 1985-462. But while, in general, the clear and precise language of a statute controls, a statute's form should not be exalted to the detriment or demise of its substance

---

Rule references are to the Tax Court Rules of Practice and Procedure.

and purpose. In *United States v. American Trucking Associations, Inc.,* 310 U.S. 534, 543 (1940), the Supreme Court stated:

> There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of the legislation as a whole" this Court has followed that purpose, rather than the literal words. * * * [Fn. refs. omitted.]

When a statute is ambiguous and there is doubt as to its meaning, the Supreme Court in *White v. United States,* 305 U.S. 281, 292 (1938), laid down the modern rule as follows:

> We are not impressed by the argument that, as the question here decided is doubtful, all doubts should be resolved in favor of the taxpayer. It is the function and duty of courts to resolve doubts. We know of no reason why that function should be abdicated in a tax case more than in any other where the rights of suitors turn on the construction of a statute and it is our duty to decide what that construction fairly should be. * * *

Tax statutes, whether substantive or procedural, should be construed and applied with a view to avoiding, so far as possible, unjust and oppressive consequences. They should be reasonably interpreted in a practical and sensible manner. See *Palermo v. United States,* 360 U.S. 343 (1959); *United States v. American Trucking Associations, Inc., supra.* In various situations, the courts have not felt bound to apply slavishly the literal phrasing of tax statutes when the purpose seems to require either a broader or narrower interpretation. See *J.C. Penney Co. v. Commissioner,* 37 T.C. 1013, 1017 (1962), affd. 312 F.2d 65 (2d Cir. 1962). Generally, a construction of an unclear statute leading to hardship, injustice, absurdity, or merely to an unreasonable result, should be avoided. This is particularly so where the statute is of uncertain meaning. See *Haggar Co. v. Helvering,* 308 U.S. 389 (1940).

Applying these general principles of statutory construction to the issue confronting us in this case, we think the lan-

guage of section 7485(a)(1),[2] read in conjunction with sections 6212(a), 6213(a), 6213(c), 7459(c), and 7459(d), is not clear and unambiguous. Section 7485(a)(1) does not expressly authorize the acceptance of a bond where there has been a dismissal for lack of jurisdiction. Neither does it preclude the acceptance of a bond under such circumstances. However, it is a statute that provides a high degree of flexibility and discretion to this Court. Consequently, it is our view that the provisions of section 7485(a)(1) are subject to a logical and reasonable interpretation consistent with its purpose.

The order of dismissal for lack of jurisdiction, entered on June 10, 1992, constitutes an appealable decision, which in essence permits respondent to assess and collect the full amount of the deficiency determined in the statutory notice. The Tax Court does not determine a deficiency; only respondent determines a deficiency. The Tax Court, in cases within its jurisdiction, redetermines a deficiency and enters a decision as to whether petitioner is liable or not liable for the deficiency it redetermines. But it is not for this Court to specify such deficiency amount in an order of dismissal for lack of jurisdiction. Sec. 7459(d).

We hold that, for purposes of the bond provisions of section 7485(a)(1), the "portion of the amount of the deficiency determined by the Tax Court" is tantamount to the full amount of the deficiency determined by respondent, where this Court enters an order dismissing a petition for lack of jurisdiction. Likewise, if petitioner appeals from such a dismissal, the "portion of the deficiency in respect of which the notice of appeal is filed", sec. 7485(a)(1), means the deficiency determined by respondent. In addition, the phrase "conditioned upon the payment of the deficiency as finally determined", which is contained in section 7485(a)(1), means in this context final action by the appellate courts that upholds this Court's order of dismissal, the effect of which is to permit the assessment and collection of the deficiency determined by respondent. Cf. *Barnes Theatre Ticket Service, Inc. v. Commissioner,* 50 T.C. 28, 29 (1968). Here we have a bond submitted to this Court that is double the amount of the defi-

---

[2] The present provisions of sec. 7485(a)(1) are substantially similar to those of its predecessor statutes. See sec. 1145 of the Internal Revenue Code of 1939, ch. 2, 53 Stat. (Part 1) 165; Revenue Act of 1926, ch. 27, tit. X, 44 Stat. (Part 2) 109. The legislative history of the predecessor sections does not contain any guidelines or aid in resolving the issue before us.

ciency in respect of which the notice of appeal will be filed, and it is secured by the guarantee of an approved surety company.

When confronted, as we are in this situation, with a statute which provides this Court with considerable discretion and flexibility, we are disposed to interpret it broadly rather than narrowly so that its intended purpose may be fulfilled in a fair, logical, reasonable, and practical way. In the past we have chosen an expansive rather than restrictive interpretation of section 7485(a)(1). See *Adolph Coors Co. v. Commissioner,* 62 T.C. 300, 303 (1974), where we approved a bond with surety consisting of an irrevocable letter of credit rather than insisting on a corporate surety or the deposit of U.S. bonds or notes.

The purpose of the bond required by the statute is twofold: (1) It is intended to benefit the taxpayer by staying collection of the tax pending the appeal; and, at the same time, (2) it provides a means whereby the Internal Revenue Service is assured that it will ultimately be able to collect the tax if this Court's decision is affirmed on appeal. It is clear in this case that, if the Court of Appeals for the Tenth Circuit affirms our order of dismissal, and the order becomes final, the Internal Revenue Service is protected because the deficiency determined by respondent is secured by the bond and will be paid. If, on the other hand, our order is reversed and it is held that the notice of deficiency was not mailed to petitioner's last known address, then the assessment of the deficiency previously made by respondent would have to be abated.[3] Thus, we think the acceptance of the bond would obviate any possible harsh, precipitous, or adverse collection action by respondent until the Court of Appeals considers and decides the issues involved in this case. In short, the status quo will be maintained while the appeal is pending. The revenue will be protected and the taxpayer will not be subjected to enforced collection.[4]

Accordingly, we hold that the bond offered by petitioner meets the requirements of section 7485(a)(1). Therefore,

---

[3] Respondent assessed the deficiency because petitioner did not file his petition with this Court until more than 90 days after the mailing of the notice of deficiency. See sec. 6213(a), (c).

[4] See Fed. R. App. P. 8; 10th Cir. R. App. P. 8 (relating to stay or injunction pending appeal); Fed. R. Civ. P. 62(d) (providing for supersedeas bond to stay a proceeding to enforce a judgment).

petitioner's motion will be granted, and, exercising our discretion in these circumstances, we will accept the bond as filed.

One final point. Our conclusion as to the acceptance of the bond pursuant to section 7485(a)(1) does not operate, under the doctrine of res judicata, to preclude petitioner from filing a claim for refund, after full payment of the tax, and suing for a refund in either the U.S. District Court or the U.S. Claims Court, if our order dismissing this case for lack of jurisdiction is upheld.

To reflect the foregoing,

*An appropriate order will be issued.*

