**Ruth STRANDBERG, Personal Representative of the Estate of Edward Jay Strandberg, Deceased, as Personal Representative and on her own behalf, and Howard Strandberg, Plaintiffs-Appellants,**

v.

**The CITY OF HELENA, Jack Williams, Individually and as Chief of Police of the City of Helena; Elmer Frank Melton, Individually and as a Police Officer of the City of Helena; Fred D. Valiton, Individually and as a Police Officer of the City of Helena; James Victor Beneventi, Individually and as a Police Officer of the City of Helena; Peter James Hartman, Individually and as a Police Officer of the City of Helena; William Ware, Individually and as Acting Police Chief of the City of Helena; Barbara Marie Sullivan, Individually and as Police Dispatcher of the Helena Police Department of the City of Helena, Defendants-Appellees.**

Nos. 84–4264, 85–3505.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1986.

Decided June 10, 1986.

Ann L. Smoyer, Helena, Mont., Jeanette Ellen Berry, Bozeman, Mont., for plaintiffs-appellants.

William P. Driscoll, Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendants-appellees.

Before SKOPIL, NELSON and BOOCHEVER, Circuit Judges.

SKOPIL, Circuit Judge:

The plaintiffs-appellants, Ruth and Howard Strandberg ("Strandbergs"), appeal from a district court's grant of partial summary judgment against them in their civil rights action against the defendants ("City"). We affirm.

## I. FACTS AND PROCEEDINGS

On June 7, 1981 Edward Strandberg, the son of Ruth and Howard Strandberg, was arrested in Helena, Montana for driving a motorcycle without a license plate, failure to yield to an emergency vehicle, and reckless driving. He was taken to the police station and incarcerated during the booking procedure. Approximately thirty minutes after Edward Strandberg was incarcerated, the police found him dead, hanging from the jail cell ceiling.

The Strandbergs, on behalf of Edward Strandberg and on their own behalf, filed an action against the City, the Chief of Police, the police dispatcher, and all officers on duty the evening of Edward Strandberg's death. The Strandbergs alleged, pursuant to 42 U.S.C. §§ 1981, 1983, and 1986 (1982), violations of Edward Strandberg's rights under the first, fourth, fifth, sixth, eighth, ninth, tenth, and fourteenth amendments. They also alleged, on their own behalf, a violation of their fourteenth amendment right to parent. Finally, the Strandbergs alleged pendent state claims for assault and battery, intentional infliction of emotional distress, negligence, and gross negligence.

The defendants moved to dismiss, inter alia, the Strandbergs' cause of action based on deprivation of the right to parent. The motion was granted. Thereafter, the Strandbergs moved for summary judgment on the issue of the defendants' liability. The defendants moved for summary judgment on all the federal causes of action and dismissal of the state claims for lack of subject matter jurisdiction. The district court granted the defendants' motion for summary judgment as to all the federal claims except the alleged violation of the plaintiffs' fifth and fourteenth amendment due process rights.

The Strandbergs moved the court to certify its order regarding both parties' motions for summary judgment pursuant to Fed.R.Civ.P. 54(b). The Strandbergs also moved the court to amend its order pursuant to 28 U.S.C. § 1292(b), in order to enable them to petition this court for permissive appeal. Fed.R.App.P. 5(a). That motion was granted and this court granted the Strandbergs' request for permissive appeal.

## II. MERITS

### A. First and Sixth Amendment Claims.

■ The Strandbergs claim Edward Strandberg was deprived of his sixth amendment right to counsel, to a jury trial, and to be informed of the nature of the accusations against him. They also argue the defendants violated the decedent's first amendment rights. The district court dismissed the decedent's first and sixth amendment claims, stating:

Considering the fact that the decedent hung himself after only thirty minutes in jail while the police were still in the pro-

cess of booking him, the Court fails to see how such a short delay could rise to the level of a constitutional violation. The Court will not speculate as to whether the decedent would have been allowed to call an attorney or have one provided for him within a reasonable time had he lived.

The Strandbergs mistakenly argue the district court misapprehended their allegations regarding the first and sixth amendments as procedural due process violations rather than substantive due process violations. The first and sixth amendments do not contain substantive and procedural components.

They further claim the district court erroneously relied on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), in dismissing these claims. The district court never mentioned Parratt, nor did it rely on *Parratt* in reaching its decision. It simply found there were no cognizable constitutional claims presented with regard to the first and sixth amendments.

■ The right to counsel does not attach until "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); *United States v. Karr*, 742 F.2d 493, 495 (9th Cir.1984). In this case the decedent had not yet been charged. The police were still in the process of booking him. In the thirty minutes the decedent waited for formal charges, no critical stage of prosecution was implicated which constitutionally required counsel be present. Because he had no right to have counsel present, the decedent had no sixth amendment right to place a phone call to his attorney. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 199 (7th Cir. 1985) (citing *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 n. 2 (7th Cir. 1983)).

■ With regard to the decedent's right to a jury trial, it was not clear at the time of his arrest that he would be charged with a crime giving him the right to a jury trial. Finally, regarding the claim that the decedent was not informed of the nature of his crime, the Strandbergs alleged no facts to support this claim, either in their complaint or in their brief. The Strandbergs do allege the booking sheet was not completed before the decedent was incarcerated. Nevertheless, they have made no showing that a thirty minute delay in making the formal charges is a constitutionally impermissible delay. The district court properly dismissed the sixth amendment claims.

■ Neither in their complaint nor in their briefs do the plaintiffs articulate their first amendment claim on behalf of the decedent. Presumably, the decedent's deprivation of his first amendment right to freedom of speech is based on the alleged police refusal to allow him to make a telephone call. Courts have recognized detainees' and prisoners' first amendment right to telephone access. See *Johnson v. Galli*, 596 F.Supp. 135, 138 (D.Nev.1984); *Hutchings v. Corum*, 501 F.Supp. 1276, 1296 (W.D.Mo.1980); *Moore v. Janing*, 427 F.Supp. 567, 576 (D.Neb.1976). This right is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Hutchings*, 501 F.Supp. at 1296 (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). If the limitations on access are reasonable, there is no first amendment violation. *Galli*, 596 F.Supp. at 138.

The Strandbergs do not allege the defendants acted unreasonably, nor do they allege any facts from which it could be inferred that the defendants acted unreasonably in declining to allow Edward Strandberg access to the telephone in the first thirty minutes he was detained. See *Rodgers*, 771 F.2d at 199 (in sixth amendment context; no constitutional deprivation when detainee prevented from making telephone call for ten and one-half hours). While we do not comment as to the reasonableness of delays in allowing access to a telephone longer than those involved in the

case before us, the district court properly dismissed the first amendment claim.

## B. Fourteenth Amendment Equal Protection Clause.

■ Pursuant to the defendants' motion for summary judgment, the district court dismissed the Strandbergs' claim based on the equal protection clause of the fourteenth amendment. The court found the complaint did not allege "the decedent or any class of people to which the decedent belonged was being treated in a discriminatory manner by the defendants."

The Strandbergs argue their complaint stated a cause of action under the equal protection clause because they alleged the decedent had the status of a pretrial detainee. "[T]he demands of equal protection of the laws and of due process ... prevent unjustifiable confinement of detainees under worse conditions than convicted prisoners." *Rhem v. Malcolm*, 507 F.2d 333, 336 (2d Cir.1974), quoted in *Lock v. Jenkins*, 641 F.2d 488, 479 (7th Cir.1981). Nowhere in their complaint do the Strandbergs allege any facts from which it could be inferred that the conditions in which prisoners are kept, either in the same institution or in another, are better than those in which pretrial detainees are kept. The court therefore properly dismissed their equal protection claim.

## C. Ruth and Howard Strandberg as Parties to the § 1983 Claim.

■ The court dismissed all of the plaintiffs' federal claims except those arising out of the fifth and fourteenth amendment due process clauses. The Strandbergs interpret the court order as dismissing the Strandbergs as parties. They apparently believe when the court granted summary judgment against them regarding alleged ninth and tenth amendment violations by the defendants, it effectively dismissed the Strandbergs as parties. The Strandbergs are mistaken in believing that they cannot claim a violation of their fourteenth amendment due process rights in the companionship and society of the decedent without asserting such rights in conjunction with the ninth and tenth amendments.[1] The court did not dismiss the Strandbergs as parties. *Cf. Kelson v. City of Springfield*, 767 F.2d 651, 653 (9th Cir.1985)

## D. Ninth and Tenth Amendment Claims.

■ The Strandbergs argue the district court erred in granting summary judgment with regard to their claims based on the penumbras of the ninth and tenth amendments. The ninth amendment states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It has been argued that the ninth amendment protects rights not enunciated in the first eight amendments. See *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J., concurring); *Wise v. Bravo*, 666 F.2d 1328, 1332 (10th Cir.1981). Nevertheless, the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim. *Canton Beach NAACP v. Runnels*, 617 F.Supp. 607, 609 n. 3 (S.D. Miss.1985); *Bartel v. F.A.A.*, 617 F.Supp. 190, 194 (D.D.C.1985); *Charles v. Brown*, 495 F.Supp. 862, 864 (N.D.Ala.1980). The Supreme Court has repeatedly voiced concern that a section 1983 claim be based on a specific constitutional guarantee. *Daniels v. Williams*, — U.S. —, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986); *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Paul v. Davis*, 424 U.S. 693, 700–01, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976). The district court

---

1. The district court dismissed that part of the Strandbergs' complaint which alleged a fourteenth amendment right to parent the decedent. The court acknowledged a constitutional right to parent a minor child. *Mattis v. Schnarr*, 502 F.2d 588, 595 (8th Cir.1974). Nevertheless, it found that because the decedent in this case was twenty-two, the Strandbergs had not been deprived of any constitutional right to parent. The district court did not, however, dismiss the Strandbergs' fourteenth amendment right to companionship and society of the decedent. The Strandbergs remain parties to this cause of action.

properly dismissed the Strandbergs' claim based on the penumbras of the ninth amendment.

 The tenth amendment states, "the powers not delegated to the United States by the Constitution nor prohibited by it to the states, are reserved to the states respectively or to the people." The Strandbergs point to no case law which supports their contention that the tenth amendment either alone, or in conjunction with the ninth amendment, provides grounds upon which to bring a civil rights claim. The district court correctly determined the tenth amendment creates no constitutional rights cognizable in a civil rights cause of action.

### E. The Strandbergs' Permissive Appeal.

The district court held the Strandbergs could proceed with their fifth and fourteenth amendment due process claims. The court first stated that "a jailer owes a duty to the prisoner to keep him safe and to protect him from unreasonable and unnecessary risk of harm." He went on to state, however, that a jailer would not be liable to a prisoner for injuries resulting from the prisoner's own intentional conduct. Relying on Montana case law, the district court concluded that "absent some possible special circumstances, a jailer is under no duty to prevent [a prisoner from] taking his own life." See *Pretty On Top v. City of Hardin,* 182 Mont. 311, 597 P.2d 58, 60–61 (1979). The court noted that it was not bound by Montana law regarding the duty of the defendants in this case, but it believed state case law in this regard was well reasoned and therefore adopted it. It concluded that whether the special circumstances existed which would impose a duty on the jailer in this case was a question of fact for the jury.

The Strandbergs challenge the district court's adoption of Montana state law regarding a jailer's duty. They argue it is improper for the district court to adopt a state law rule when deciding a section 1983 claim. While a federal court ordinarily may resort to state law for guidance in a civil rights action, see, e.g., *Hirst v. Gertzen,* 676 F.2d 1252, 1263 (9th Cir.1982); *Owens v. Haas,* 601 F.2d 1242, 1250 (2d Cir.1979), Montana law is no longer relevant to a constitutional claim based on negligent conduct of a jailer. The Supreme Court has recently held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels,* 106 S.Ct. at 663. See also *Davidson v. Cannon,* — U.S. —, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) (due process clause not implicated in the absence of "deliberate or callous indifference to [petitioner's] needs").

### CONCLUSION

The district court properly dismissed the decedent's civil rights claims based on the first and sixth amendments and the equal protection clause of the fourteenth amendment. The district court did not dismiss Ruth and Howard Strandberg as parties. While the district court acts within its discretion in adopting a state law rule, Montana state law is no longer relevant to a constitutional claim based on negligent conduct of a jailer.

**AFFIRMED.**