953 F.2d 1383
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Torrey S. MYKJAALAND, Plaintiff-Appellant,
v.
Stephen R. BURCH; Richard S. Jones, Jr.; Fred P. Parker,
III; Board of Law Examiners of the State of North
Carolina, Defendants-Appellees.
 No. 91-2575.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1991.
Decided Feb. 6, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-91-46-5-CV)
 Torrey S. Mykjaaland, appellant pro se.
 John Foster Maddrey, Assistant Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE, WILKINS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Torrey S. Mykjaaland appeals from the district court's order dismissing his 42 U.S.C. § 1983 (1988) action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We affirm.
 
 
 2
 Mykjaaland took the July 1990 North Carolina bar examination; however, the Board of Law Examiners refused to release his score after a hearing panel denied him a license to practice law because he had failed to satisfactorily demonstrate that he possessed the requisite sound moral character. The hearing panel's decision became final when Mykjaaland failed to seek review by the full Board in a timely fashion. Though a state statute provides for judicial review of the Board's final decision, Mykjaaland refused to pay the necessary transcript preparation fee and consequently no record was prepared and no appeal initiated.
 
 
 3
 Mykjaaland subsequently filed the present action in federal court under § 1983. He raises six claims: (1) he was denied due process when the Board refused to release his score; (2) the requirement that he obtain a license to practice law violated the Ninth Amendment; (3) the requirement that he pay the costs of preparing a transcript before an appeal will be processed violated the Equal Protection Clause; (4) the individual Defendants violated § 1983 by denying the above rights; (5) the requirement that an applicant prove good moral character was unconstitutionally vague; and (6) the application used by the Board in determining moral character violated the right to privacy. Mykjaaland sought both injunctive and monetary relief. Upon motion by the Defendants, the district court dismissed the action pursuant to rule 12(b)(6).
 
 
 4
 This Court reviews the district court's dismissal of the action under rule 12(b)(6) de novo. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989). A 12(b)(6) motion should not be granted "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir.1989) (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.1969)). We address Mykjaaland's claims in turn.
 
 
 5
 Even assuming that he did have a property interest in the score, it is clear that Mykjaaland received due process. He had two hearings before a hearing panel, and had an opportunity for an appeal to the full Board as well as to the state courts. Due process requires nothing more.
 
 
 6
 Though a state may not deny admission to the practice of law in violation of the Equal Protection or Due Process Clauses, Schware v. Board of Bar Examiners, 353 U.S. 232, 238-39 (1957), there is no general constitutional right to practice law. The Ninth Amendment, in particular, is not the source of any such right. See Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir.1986) ("the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim").
 
 
 7
 Mykjaaland's claim that the requirement that he pay a transcript preparation fee violates the Equal Protection Clause is equally meritless. See Ortwein v. Schwab, 410 U.S. 656, 659-60 (1973) (per curiam) (failure to waive appellate filing fee for indigent in civil case does not violate equal protection); United States v. Kras, 409 U.S. 434 (1973) (requirement that indigent pay bankruptcy filing fees before receiving discharge does not violate due process or equal protection guarantees).
 
 
 8
 As we find Mykjaaland's claims one through three meritless, claim four is likewise unavailing.
 
 
 9
 Mykjaaland's contention that the requirement that an applicant establish good moral character is unconstitutionally vague has been repeatedly rejected. In re: Griffiths, 413 U.S. 717, 722-23 (1973); Law Students Civil Rights Research Council, Inc. v. Wadmond, 401 U.S. 154, 159-60 (1971); Konigsburg v. State Bar, 366 U.S. 36, 4041 (1961). Similarly, though no federal case has specifically addressed the North Carolina procedure, the Supreme Court has held that a claim that similar investigatory procedures used in other states violate the right to privacy "borders on the frivolous." Wadmond, 401 U.S. at 160.
 
 
 10
 Because there is no legal basis for Mykjaaland's claims, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.