977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard KOENIG, on his own behalf, and on behalf of his son,
Jacob Koenig, as Jacob's father, natural protector
and next of friend, Plaintiff-Appellant,
and
Jacob Koenig, Plaintiff,
v.
Linda Jean SNEAD, et al., Defendants-Appellees.
 No. 91-36310.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 14, 1992.
 
 Before FEINBERG,** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Richard L. Koenig appeals pro se the district court's dismissal for failure to state a claim on his section 1983, section 1985(3), and common law negligence claims against Linda Snead; his attorney, Ted Brindle; a group of Oregon State employees of Children's Services Division; and Dr. Jan Bays. The claims arise from Linda Snead's refusal to turn over Koenig's and Snead's son, Jacob Koenig, to Richard Koenig pursuant to a state custody order. We affirm.
 
 I.
 
 3
 The district court correctly dismissed the section 1983 and section 1985 charges against attorney Ted Brindle. Appointed public defenders who represent criminal defendants usually do not act under color of state law for the purposes of section 1983. Tower v. Glover, 467 U.S. 914 (1984); Polk County v. Dodson, 454 U.S. 312 (1981). The rationale is that a court-appointed lawyer serves the same function as a private attorney, and so his court appointment does not place him under color of state law for purposes of section 1983. He remains a private party. Szijarto v. Legeman, 466 F.2d 864 (9th Cir.1972); Black v. Bayer, 672 F.2d 309, 314 (3rd Cir.), cert. denied, 459 U.S. 916 (1982).
 
 
 4
 Appointed counsel may be found to have acted under color of state law if he conspires with state officials to deprive another person of his federal rights. Tower v. Glover, 467 U.S. 914 (1984); Dennis v. Sparks, 449 U.S. 24 (1980). However, there must be some evidence of conspiracy; "[v]ague and conclusory allegations of official participation in civil rights violations are not enough to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). To prove conspiracy under section 1983, "an agreement or meeting of minds to violate ... constitutional rights must be shown." Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir.1989).
 
 
 5
 Koenig in this case does no more than to allege conspiracy on the part of Brindle. Koenig's major allegation is that Brindle did not reveal Jacob's whereabouts, but Brindle was silent pursuant to a court order. The complaint alleges that "at numerous and divers [sic] times and places the defendants did confer, discuss, agree and conspire to conceal the whereabouts of Jacob from Richard," S.E.R. at 9, but there are no specific factual allegations of conspiracy.
 
 
 6
 To succeed on a claim under section 1985(3), the plaintiff must show a racial or other "invidiously discriminatory motivation." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The district court was correct that Koenig did not allege such discriminatory intention. Only on appeal does Koenig argue that the animus was bias against fathers and favoritism toward mothers. Moreover, under section 1985, a "mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988). Once again, Koenig has shown no factual evidence of conspiracy. Koenig has failed to meet the animus and conspiracy requirements of section 1985(3).
 
 II.
 
 7
 The district court properly dismissed the charges against state employees. Koenig is incorrect that Hafer v. Melo, 112 S.Ct. 358 (1991) contradicts the district court's analysis. Under DeShaney v. Winnebago County DSS, there is "no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." 489 U.S. 189, 195 (1989). The Oregon state employees had no affirmative duty to disclose Jacob's whereabouts to his father Richard Koenig. Nor does the Ninth Amendment provide a source of rights protected for purposes of pursuing a section 1983 claim. Strandberg v. City of Helena, 791 F.2d 744 (9th Cir.1986).
 
 III.
 
 8
 The district court also correctly dismissed the suit against Juvenile Court Referee Katherine English. Judges have absolute immunity when they perform judicial or judge-like functions. Stump v. Sparkman, 435 U.S. 349 (1978); Partington v. Gedan, 961 F.2d 852, 866 (9th Cir.1992); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). English was acting as a judge when she ruled on Koenig's custody rights, so she is immune, and the case against her is properly dismissed.
 
 IV.
 
 9
 The proceedings against Jan Bays, a doctor who examined Jacob, and Linda Snead, Jacob's mother, were properly dismissed for failure to prosecute. The district court's dismissal for failure to prosecute is reviewed for abuse of discretion. Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." Id. at 496. However, the district court is not required to state explicitly in the record how it weighed these factors. The district court must warn the plaintiff that dismissal is imminent, since dismissal is the "harshest available penalty." Johnson v. U.S. Dept. of Treasury, 939 F.2d 820, 825 (9th Cir.1991). The court must also consider whether sanctions less drastic than dismissal are available. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992).
 
 
 10
 In this case, Koenig was given warning of dismissal. When the plaintiff failed to meet the first two pre-trial order dates, he was given a second date and failed to meet that as well. He then filed a pre-trial order which did not satisfy the local rules. The magistrate considered and rejected Koenig's argument that pro se status alone justified lack of compliance with the rules. The district court then reviewed and adopted the magistrate's order.
 
 
 11
 We are satisfied that the district court gave Koenig sufficient opportunity to prosecute as well as sufficient warning of dismissal.
 
 
 12
 Since the federal claims were properly dismissed, the district court correctly dismissed the pendent state law claims. Jones v. Community Redevelopment Agency, 733 F.2d 646, 651 (9th Cir.1984) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3