993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Kay CORONEL, Plaintiff-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF CORRECTIONS; Harold Falk,
Director; ATU LaQueretabua, Social Worker; Gray
Kaplain, Unit Manager, Defendants-Appellees.
 No. 91-16842.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 6, 1993.
 
 Before GOODWIN, TANG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Coronel, a Hawaii state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendant Hawaii state prison officials ("defendants") in his action under 42 U.S.C. § 1983. Coronel alleged that a prison policy prohibiting inmate long-distance phone calls in evening hours, when the prison's switchboard is closed, denied him his constitutional rights because it interfered with his ability to call his immediate family. We affirm.
 
 BACKGROUND
 
 3
 Coronel is an inmate at Halawa Correctional Facility ("HCF") in Hawaii, on the island of Oahu. At times relevant for purposes of this appeal, Coronel's wife and child resided on the island of Hawaii. On July 28, 1989, Coronel requested permission to call his family after the HCF's switchboard was closed. This request was denied, pursuant to the HCF's policy that such long distance calls are permitted only during normal weekday operating hours (7:45 a.m. to 4:30 p.m., Monday through Friday), when HCF's switchboard operator and the inmate's case manager are on duty. Coronel complained that this policy unfairly prevented him from contacting his family at all because, he alleged, his wife worked full time and her employer would not permit her to accept personal calls during working hours. Coronel blamed HCF for the deterioration and ultimate dissolution of his marriage.
 
 
 4
 Coronel brought this action pro se under 42 U.S.C. § 1983, seeking injunctive and monetary relief. Coronel alleged that the defendants violated his constitutional rights by (1) depriving him of his right to freely associate with his wife and son, (2) depriving him of a state-created liberty interest in making long-distance personal phone calls after-hours to his immediate family, and (3) discriminating against him because inmates at all other Hawaiian correctional facilities except HCF are permitted to place evening, weekend and holiday long-distance calls to immediate family members.
 
 
 5
 The district court granted summary judgment to defendants. The district court's grant of summary judgment is reviewed de novo, as a question of law. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, this court determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). This court may affirm the district court on any ground supported by the record. United States v. State of Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 DISCUSSION
 
 6
 Coronel suggests that HCF's telephone policy violates his constitutional right of intimate association, see Roberts v. United States Jaycees, 468 U.S. 609, 617-18 (1984), by preventing Coronel from contacting his immediate family. As the Supreme Court has stated, however, "[t]he fact of confinement and the needs of the penal institution impose limitations on constitutional rights." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977). The rights necessarily curtailed include "those associational rights ... protect[ed] outside of prison walls." Id. at 126.
 
 
 7
 While this court has recognized that pretrial detainees have a limited First Amendment right to telephone access, see Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir.1986), no court has ever pronounced that convicted felons have a federal constitutional right to make personal long distance phone calls whenever they desire. In fact, one court opined that convicted felons may have no right to make telephone calls at all. See Brenneman v. Madigan, 343 F.Supp. 128, 141 (N.D.Cal.1972) ("While a convicted prisoner may have no right to make any telephone calls at all, a pretrial detainee does." (citations omitted)).
 
 
 8
 But even assuming convicted state prisoners like Coronel have such a constitutional right, it would still be subject to reasonable limitations. See Strandberg, 791 F.2d at 747. As the Supreme Court has explained, "the proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is 'reasonably related to legitimate penological interests.' " Washington v. Harper, 494 U.S. 210, 223 (1990) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).
 
 
 9
 HCF's policy of limiting phone calls to regular business hours is reasonably related to legitimate penological interests. First, there is certainly a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it. Harper, 494 U.S. at 224; Turner, 482 U.S. at 89. HCF's policy of requiring prisoner calls to be made when the switchboard operator and the inmate's case manager are on duty furthers the state's interest in ensuring that the inmate can pay for the call or that a collect call is accepted, and that the inmate is using the state telephone for lawful purposes. Second, accommodation of the asserted constitutional right would have a sizeable and disruptive impact on " 'the allocation of prison resources.' " Harper, 494 U.S. at 225 (quoting Turner, 482 U.S. at 90). In order to allow Coronel to make his calls after hours, the prison switchboard operator and Coronel's case worker would be required to work overtime at significant cost to the state. Third, "the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Turner, 482 U.S. at 90-91. In addition to letter writing and normal visitations, Coronel was allowed to make calls during regular hours. While he contends that his wife's employer would not allow her to accept personal phone calls at work, the record does not clearly substantiate this claim. Even if it were substantiated, the state's regulation is still reasonable. Prison officials are not required to set up and then shoot down "every conceivable alternative method of accommodating the constitutional complainant." O'Lone v. Estate of Shabazz, 482 U.S. 342, 350 (1987).
 
 
 10
 Coronel further contends that Chapter 15, section 493.15.03 of the Hawaii Department of Corrections Policies & Procedural Manual[1] establishes a state-created liberty interest in making after-hours telephone calls to his wife. We reject this contention.
 
 
 11
 In relevant part, section 493.15.03 provides that "[c]alls may be permitted on weekends and holidays if there is sufficient evidence that the family can be contacted only during these times." § 493.15.03.1(d). This section does not establish a state-created liberty interest of the sort Coronel contends. First, the prisoner bears the burden of bringing forward "sufficient evidence" that his family could be contacted only on weekends and holidays. The state contends that Coronel did not meet this burden. But even if he did, section 493.15.03 merely provides that weekend or evening phone calls may be permissible, at the discretion of prison administrators. HCF did not violate any state-created liberty interest through its refusal to exercise that discretion.
 
 
 12
 Coronel next contends that the state of Hawaii discriminated against him because inmates at his correctional facility, HCF, are not permitted to place evening, weekend and holiday long distance calls while inmates at the other state correctional facilities are. The very portion of the Policies and Procedures Manual upon which Coronel relies undermines his argument demanding equal treatment among Hawaiian correctional facilities. Section 493.15.03 provides that each individual facility within the Hawaii Department of Corrections is separately "responsible for establishing the overall frequency and scope of long-distance phone calls." § 493.15.03.1. Further, each facility is charged with the responsibility to establish its own procedures "and such further internal controls as are necessary to insure that telephones are not used indiscriminately and in a manner violative of this policy." § 493.15.03.2. Coronel's broad and conclusory allegations of discrimination are unsupported by fact and law.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 All statutory citations hereafter refer to this manual