**Electronically Filed
Supreme Court
SCPW-13-0000080
14-MAR-2013
01:11 PM**

SCPW-13-0000080

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

MICHAEL C. TIERNEY, Petitioner,

vs.

NOLAN ESPINDA, Warden of Halawa Correctional Facility;
KEONE MORREIRA, Case Manager of Module 3 at Halawa, Respondents.

---

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Petitioner Michael C. Tierney submitted a petition for a writ of mandamus, which was filed on February 7, 2013. He sought an order directing prison officials to supply him with paper, pen, envelopes and other legal material. On February 25, 2013, petitioner moved to amend his petition, which was granted by an order entered on March 4, 2013. By way of amendment, petitioner informed the court that prison officials have provided him paper, pen, envelopes and legal material but are now denying him access to the courts by refusing to allow him to make telephone calls to the court clerks in state and federal court.

Based upon our review of the petition, the documents

attached thereto and submitted in support thereof, and the record, it appears that petitioner does not have a clear and indisputable right to make telephone calls to the court clerks. See Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986) (an inmate's telephone access is "subject to rational limitations in the face of legitimate security interest of the penal institution").  Moreover, petitioner fails to demonstrate that he has been deprived of alternative methods to communicate freely and privately with the court clerks.  Cf. Ingalls v. Florio, 968 F. Supp. 193, 203-04 (D.N.J. 1997) (limited access to telephone calls is not a constitutional violation so long as inmates can communicate with their counsel in writing or in person by visits); Bell v. Wolfish, 441 U.S. 520, 551-52 (1979). Petitioner, therefore, is not entitled to mandamus relief.  See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Barnett v. Broderick, 84 Hawai'i 109, 111, 929 P.2d 1359, 1361 (1996) (mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other

remedy is available).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, March 14, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack