NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY JAMES MERRICK, III, *Plaintiff/Appellant,*

*v.*

PAUL PENZONE, et al., *Defendants/Appellees.*

No. 1 CA-CV 16-0505
FILED 5-23-2017

Appeal from the Superior Court in Maricopa County
No. CV 2014-000478
The Honorable Roger E. Brodman, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Anthony James Merrick, III, San Luis
*Plaintiff/Appellant In Propria Persona*

Maricopa County Attorney's Office, Phoenix
By J. Randall Jue
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**D O W N I E,** Judge:

¶1         Anthony James Merrick, III appeals from the denial of his motion for summary judgment and from the grant of Defendants' cross-motion for summary judgment. We affirm the denial of Merrick's motion for summary judgment. Although we agree with aspects of the superior court's ruling regarding Defendants' cross-motion for summary judgment, the record is inadequate to conclude that, as a matter of law, Defendants employed the least restrictive means of furthering their compelling governmental interest in jail security. We therefore vacate the grant of summary judgment to Defendants and remand for further appropriate proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2         Merrick alleges that, as a member of the Fundamental American Christian Temple, he must participate in confession and seek spiritual advice and guidance only from church elders or other members. While incarcerated at a jail facility operated by the Maricopa County Sheriff's Office ("MCSO"), Merrick requested unmonitored, unrecorded telephone calls with his brother in Oklahoma, whom he asserted was a church elder. Jail officials responded that Merrick could have unmonitored personal visits from clergy, write to members of his church, or participate in confession with jail clergy of other denominations. Merrick rejected these options, stating, "[t]here is no faith group in Arizona at this time that is the same faith as mine."

¶3         Merrick filed a "Complaint for Violation of Religious Freedom" against the sheriff and other MCSO-related defendants (collectively, "Defendants"), alleging violations of his rights under Arizona's Free Exercise of Religion Act. The parties filed cross-motions for summary judgment. The superior court denied Merrick's motion and granted Defendants'. Merrick's timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.         Summary Judgment

¶4         We review both the grant of summary judgment and questions of statutory interpretation *de novo*. *Ariz. Health Care Cost Containment Sys. v. Bentley*, 187 Ariz. 229, 231 (App. 1996). We view the evidence and all reasonable inferences therefrom in the light most

favorable to the non-moving party. *Hill-Shafer P'ship v. Chilson Family Tr.*, 165 Ariz. 469, 472 (1990). Our task is to determine "whether a genuine issue of material fact for trial exists, and, if not, whether the trial court correctly applied the substantive law." *CSA 13-101 Loop, LLC v. Loop 101, LLC*, 233 Ariz. 355, 359, ¶ 12 (App. 2013).

**¶5**        Arizona's Free Exercise of Religion Act ("FERA") — A.R.S. § 41-1493.01 — was enacted in 1999 "to protect Arizona citizens' right to exercise their religious beliefs free from undue governmental interference." *State v. Hardesty*, 222 Ariz. 363, 365, ¶ 8 (2009). The statute provides, in pertinent part:

> A.  Free exercise of religion is a fundamental right that applies in this state even if laws, rules or other government actions are facially neutral.
>
> B.  Except as provided in subsection C, government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability.
>
> C.  Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person is both:
>
>> 1.  In furtherance of a compelling governmental interest.
>>
>> 2.  The least restrictive means of furthering that compelling governmental interest.

A.R.S. § 41-1493.01(A)–(C).

**¶6**        Claimants alleging a FERA violation must establish: "(1) that an action or refusal to act is motivated by a religious belief, (2) that the religious belief is sincerely held, and (3) that the governmental action substantially burdens the exercise of religious beliefs." *Hardesty*, 222 Ariz. at 366, ¶ 10. "Once the claimant establishes a religious belief that is sincerely held and substantially burdened, the burden shifts to the state to demonstrate that its action furthers a 'compelling governmental interest' and is 'the least restrictive means of furthering that compelling governmental interest.'" *Id.* (citation omitted). "[W]hether the government has a compelling interest that is served by the least restrictive means is a question of law for the court to decide." *Id.* at 366–67, ¶ 12.

¶7        The superior court found triable issues of fact as to whether Merrick's religious beliefs are "sincerely held" and whether his actions were "motivated by a religious belief."  The record supports this determination, and these factual issues required the court to deny Merrick's motion for summary judgment.

¶8        In granting Defendants' cross-motion for summary judgment, the court concluded that, as a matter of law, Defendants had demonstrated "a compelling governmental interest that is the least restrictive means of furthering that compelling interest."[1]  The record supports the determination that Defendants established a compelling governmental interest in recording or monitoring inmate calls.  But for the reasons discussed *infra*, the record was insufficient to establish that, as a matter of law, MCSO's policy is the least restrictive means of furthering that compelling governmental interest.

### A.        Compelling Governmental Interest

¶9        A penal institution's security is a compelling state interest. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison security is a compelling state interest."); *Taylor v Sterrett*, 532 F.2d 462, 472 n.14 (5th Cir. 1976) ("Jail security alone is unquestionably a substantial or compelling governmental interest.").  An inmate's "right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).

---

[1]        To the extent Defendants suggest that, as a matter of law, their denial of the relief Merrick sought did not substantially burden his exercise of religion, we disagree.  As noted *supra*, ¶ 7, the superior court found disputed issues of fact as to the sincerity of Merrick's religious beliefs and whether his requests were motivated by his religious beliefs.  If such factual questions are resolved in Merrick's favor, then, at the very least, there are questions of fact about whether Defendants substantially burdened his exercise of religion.  The relevant inquiry under FERA is whether the government substantially burdened the exercise of religion, not whether Merrick remained free to engage in alternative religious activities.  The record includes tenets of Merrick's asserted faith, including the belief that "communications between members are sacred and meant to be private between them.  Communications must not be revealed to non-members, unless consented to by the members involved."

¶10     MCSO has adopted a written policy that requires recording or monitoring of all personal/non-legal inmate telephone calls. An affidavit submitted by MCSO's Inmate Telephone System Administrator states:

> The monitoring of all personal/non-legal telephone calls serves a legitimate penological interest. This interest includes monitoring for the purpose of gathering information about criminal activities inside the jail, security of the jail, and criminal activities directed at people in the community.

¶11     In the face of Defendants' evidence that recording non-legal calls furthers a compelling governmental interest in jail security, Merrick presented no contrary evidence. *See GM Dev. Corp. v. Cmty. Am. Mort. Corp.*, 165 Ariz. 1, 5 (App. 1990) (if party opposing summary judgment fails to present, either by affidavit or other competent evidence, facts that controvert moving party's affidavits, the facts alleged by the moving party may be considered true). Based on the record before it, the superior court did not err by concluding that Defendants demonstrated the requisite compelling governmental interest.

## B.     Least Restrictive Means

¶12     We next examine Merrick's contention that less restrictive means exist for protecting the governmental interest in jail security. Under the federal Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4, "[t]he least-restrictive-means standard is exceptionally demanding." *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2780 (2014). Because FERA "is substantially identical to" RFRA, *Hardesty*, 222 Ariz. at 367 n.7, ¶ 13, the United States Supreme Court's interpretations of RFRA offer "persuasive authority." *Id.*

¶13     To establish that monitoring or recording telephonic religious counseling and confession sessions is the least restrictive means of achieving the government's compelling interest in jail security, Defendants must demonstrate that "proposed alternatives for achieving the State's compelling interest are ineffective or impractical." *Hardesty*, 222 Ariz. at 368, ¶ 21. Merrick's position in the superior court and on appeal has consistently been that Defendants can employ less-restrictive measures that do not infringe on his religious rights by adopting the same policy for inmates' religious calls that they apply to legal calls.

¶14 In briefing the cross-motions for summary judgment, Defendants said little about the least restrictive means prong, asserting only that "the record shows that recording and monitoring of personal/non-legal phone calls is the least restrictive means of furthering the compelling interest of prison security." Defendants did not address Merrick's facially-colorable assertion that they could "satisfy any security concerns by having inmates follow the policies in place for calling attorneys or 'legal calls,'" beyond stating that such a policy is not "plausible."

¶15 Treating inmates' religious telephone calls in the same manner as legal calls may *not* be a plausible alternative.[2] The problem is that nothing in the record establishes this. *See Phx. Baptist Hosp. & Med. Ctr., Inc., v. Aiken*, 179 Ariz. 289, 292 (App. 1994) (in considering grant of summary judgment, court considers only evidence before the superior court when it ruled). Unlike the affidavit addressing MCSO's penological interest in monitoring inmate calls, Defendants did not explain why they cannot apply the same policy to religious calls as they apply to legal calls. Based on additional motion practice and/or evidence on remand, Defendants may be able to satisfy the "exceptionally demanding" least-restrictive-means standard. But they have not yet done so. We therefore vacate the grant of summary judgment to Defendants.[3]

## II. Motion to Compel

¶16 Finally, Merrick challenges the denial of his motion to compel discovery. Trial courts have broad discretion in resolving discovery disputes. *Am. Family Mut. Ins. Co. v. Grant*, 222 Ariz. 507, 511, ¶ 11 (App. 2009). We review the denial of a motion to compel for an abuse of discretion. *See Braillard v. Maricopa Cty.*, 224 Ariz. 481, 497, ¶ 52 (App. 2010). "[A] court abuses its discretion when it commits an error of

---

[2] The question before us is not whether Merrick personally poses a security risk. We note, however, that MCSO's policies would appear to permit Defendants to restrict or withhold religious activities through an "override report" if an inmate or religious representative adversely affects "jail order or security."

[3] The record does not support Merrick's characterization of his complaint as setting forth causes of action in addition to violation of his religious freedom.

law in reaching its decision or the record fails to provide 'substantial support' for the decision." *Grant*, 222 Ariz. at 511, ¶ 11 (citation omitted).

¶17 The superior court examined each discovery request Merrick discussed in his motion to compel. It concluded that the unanswered requests for production were either irrelevant or "overly broad and burdensome" and that unanswered interrogatories were either vague or argumentative. We discern no abuse of discretion in making these highly fact-intensive determinations.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the denial of Merrick's motion for summary judgment. We vacate the entry of summary judgment in favor of Defendants and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA