UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACQUELYNN NICKLER,

                Plaintiff-Appellant,

 v.

COUNTY OF CLARK; et al.,

                Defendants-Appellees.

No.   16-17211

D.C. No.
2:14-cv-01907-JCM-CWH
District of Nevada,
Las Vegas

ORDER

Before:  SILER,[*] PAEZ, and IKUTA, Circuit Judges.

The memorandum filed on August 15, 2018, is amended to add the following sentence on page 5, line 13: "However, this obligation was not clearly established at the time of the searches, *cf. id.* at 958, so defendants are entitled to qualified immunity except as to Nickler's request for injunctive relief, *see Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989)."

An amended memorandum is filed concurrently.

With this amendment, the petition for panel rehearing is DENIED.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App.

---

[*]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

P. 35. The petition for rehearing en banc is DENIED. No further petitions for rehearing will be entertained.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELYNN NICKLER, | No. 16-17211 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:14-cv-01907-JCM-CWH |
| COUNTY OF CLARK; et al., | AMENDED MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 14, 2018
San Francisco, California

Before: SILER,[**] PAEZ, and IKUTA, Circuit Judges.

Jacquelynn Nickler appeals the district court's dismissal of her complaint for

failure to state a claim. Nickler works as a team clerk with the Clark County

(Nevada) District Attorney's Office. In December 2012, Nickler was temporarily

removed from work after making a comment that office administrators considered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

threatening.

When she was permitted to return to work, she had to enter the building as a member of the public, meaning she had to have her belongings screened and her person wanded. Other employees were not subjected to the same scrutiny upon entering the building.

Asserting injury for the continued screening, Nickler filed suit, alleging violation of her First, Fourth, Ninth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, a *Monell* claim, and a negligence claim. The district court granted the defendants' motion to dismiss on all claims.

Upon review, we find that the district court correctly dismissed Nickler's claims under the First, Ninth, and Fourteenth Amendments, and her *Monell* and negligence claims. However, it improperly dismissed Nickler's Fourth Amendment claim.

First, because Nickler has not stated any facts giving rise to a plausible claim that she was speaking on a matter of public concern, her First Amendment claim fails. *See Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (9th Cir. 1997). Relatedly, because we have never recognized the Ninth Amendment as a valid ground for a § 1983 claim, that claim was also properly dismissed. *Strandberg v.*

*City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).[1]

Nickler's Fourteenth Amendment equal protection argument fails because her claim "that she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on [her] membership in any particular class" is not cognizable in the public employment context. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 594 (2008); *see also Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012). And because she has not shown that she has a property interest in either her badging privileges or in the opportunity to work overtime, her Fourteenth Amendment due process claim also cannot survive the pleadings stage. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Additionally, Nickler's claim for *Monell* liability must fail because she has not alleged that any actions taken against her were pursuant to an official policy or that any of the defendants involved were Clark County policymakers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690−91 (1978). Moreover, because her negligence claim is simply a rehashing of her constitutional and statutory claims,

---

[1] To the extent that Nickler raises a claim based on an alleged Health Insurance Portability and Accountability Act (HIPAA) violation, that claim fails because there is no private right of action under HIPAA, *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010), and Nickler has not shown that Congress's enactment of HIPAA "create[d] new rights enforceable under § 1983 . . . in clear and unambiguous terms," *Gonzaga University v. Doe*, 536 U.S. 273, 290 (2002). Further, Nickler forfeited any Americans with Disabilities Act claim by failing to raise it before the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

3                                                    16-17211

Nickler's negligence claim also fails.  *Cf. Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

Finally, Nickler argues that the defendants violated her "Fourth Amendment rights by unreasonably continuing to have [her] searched despite the fact that [she] was issued a Certificate of Fitness to perform all duties of her position, with no restrictions."  It is axiomatic that "[i]ndividuals do not lose Fourth Amendment rights merely because they work for the government instead of a private employer." *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987) (plurality opinion).  "Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995).  In certain limited circumstances, however, neither probable cause nor a warrant is required. *See New Jersey v. T. L. O.*, 469 U.S. 325, 340–41 (1985).

"[P]ublic employer intrusions on the constitutionally protected privacy interests of government employees for noninvestigatory, work-related purposes, as well as for investigations of work-related misconduct, should be judged by the standard of reasonableness under all the circumstances." *O'Connor*, 480 U.S. at 725–26. The search is reasonable if it is "justified at its inception and if the measures adopted are reasonably related to the objectives of the search and not excessively

intrusive in light of the circumstances giving rise to the search." *City of Ontario v. Quon*, 560 U.S. 746, 761 (2010) (cleaned up).

The defendants' reliance on the administrative-search exception is misplaced. Although the defendants could conduct "blanket suspicionless searches calibrated to the risk" posed by the public entering the courthouse, *United States v. Aukai*, 497 F.3d 955, 958 (9th Cir. 2007) (en banc), Nickler was not a member of the public, but rather an employee who had (like other employees) been previously allowed to enter the courthouse without undergoing such a search. In order to single Nickler out for treatment different than her peers, the defendants had to make an individualized determination that Nickler merited a more intrusive search. *Cf. id.* at 962 (approving a series of airport search procedures that were "escalating in invasiveness only after a lower level of screening disclosed a reason to conduct a more probing search" (citation omitted)). However, this obligation was not clearly established at the time of the searches, *cf. id.* at 958, so defendants are entitled to qualified immunity except as to Nickler's request for injunctive relief, *see Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989). At the motion to dismiss stage, Nickler has sufficiently alleged that the defendants lacked individualized suspicion to continue these searches after she obtained her Certificate of Fitness.[2]

---

[2] Our general rule that a prior panel's determination at the preliminary injunction stage does not constitute the law of the case, *see Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1076 n.5 (9th Cir. 2015), is applicable here.

In this case, "[b]oth the work-relatedness of the search[] . . . that could obviate the warrant requirement and the reasonableness of the search[] under the circumstances are factual matters that must be developed on remand." *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1336 (9th Cir. 1987). Nickler has thus stated a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

AFFIRMED in part, REVERSED in part, and REMANDED.